**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GAIL NEISES,**

    Plaintiff,

  vs.                                CIVIL NO. 97-320 DJS/RLP

**DONNA E. SHALALA, Secretary
of the Department of Health
and Human Services, et al.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment filed April 13, 1998. Plaintiff filed her response on May 13, 1998 and Defendants filed their reply on May 29, 1998. Defendants are seeking dismissal of Plaintiff's complaint on the grounds of pleading insufficiency, lack of subject matter jurisdiction, failure to exhaust administrative remedies, untimeliness and failure to state a claim upon which relief can be granted. Having considered the briefs of the parties and the applicable law, I find that the Motion is well-taken and is therefore

1

granted for the reasons set forth below.

## Factual and Procedural Background

Plaintiff is a supervisory clinical nurse, GS-11, at the Crownpoint Health Care Facility, a facility of the Indian Health Service, Department of Health and Human Services. She has been employed in that position since May 30, 1993. Plaintiff alleges in her Complaint that she has been subjected to discrimination on the basis of race and sex and retaliation for filing "grievances". She further claims she has been denied access to the "grievance procedure" and deprived of her "civil right [sic] as a citizen of the United States and as a an employee of the [Public Health Service]," in the following respects:

(a) she was assigned to head a department for which she was not compensated;

(b) she was assigned duties "beyond her grade and rank" for which she was not compensated;

(c) she was deprived "from certain duties as a punishment without proper hearing and redress";

(d) she was required to wear a white uniform when such a requirement was not in her job description and for which she was not compensated;

(e) she was issued "[a] proper [sic] and untrue employee Employee [sic] Performance Management System grievance";

(f) she was deprived of secretarial and bookkeeping staff so that she could not finish her assignments;

(g) she was deprived of "leave privileges" and improperly charged with AWOL;

(h) she was assigned additional duties despite a "documented disability and against doctor's orders contrary to the Americans with Disability [sic] with the states [sic] policy of the Defendant"; and

(I) a survey concerning Plaintiff and her department was "assign[ed]" in a discriminatory fashion.

**Standard for Dismissal and Summary Judgement**

In considering a motion to dismiss, I must liberally construe the pleadings, accept as true all factual allegations in the Complaint, and draw all reasonable inferences in the Plaintiff's favor. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A moving party is entitled to summary judgment when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c). An issue is "material" if it is out-come determinative. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Although the court must consider the record in the light most favorable to the party opposing the motion, Rule 56(c)mandates entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves..." <u>Id</u>. at 324.

**Discussion**

<u>Pleading Insufficiency</u>

Defendants argue that Plaintiff's Complaint violates Fed.R.Civ.P. 8 and therefore must be dismissed. Rule 8 requires, *inter alia*, that the Complaint shall "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..." Jurisdiction is not mentioned in the

4

Complaint.  Though of no legal effect, Plaintiff states on the Civil Cover Sheet a statute on which jurisdiction may be based. D.N.M.LR-Civ. 3.1.  Plaintiff mentions the American with Disability [sic] in the Complaint.  From the actions listed on which Plaintiff bases her complaint, it can be inferred, as Defendants' counsel has done, that there is jurisdiction pursuant to Title VII and the Rehabilitation Act.  The facts in the Complaint determine jurisdiction, not conclusory allegations that it exists.  <u>Axtell v. United States of America</u>, 860 F. Supp. 795 (D. Wyo. 1994).  As required by Rule 8, the Court will construe all pleadings "to do substantial justice" and deny Defendants' grounds of dismissal on pleading insufficiency.

<u>Plaintiff's constitutional claim</u>

Plaintiff asserts she was "denied access to the grievance procedure and further has been deprived of her civil right as a citizen of the United States and as a employee of the PHS." Complaint, ¶4.  It appears Plaintiff may be asserting a constitutional claim.  Title VII and the Rehabilitation Act provide the exclusive means by which federal employees may raise claims of discrimination on the basis of race, religion,

5

sex, and national origin, or disability, respectively.  <u>Brown v. Gen. Servi. Admin</u>, 425 U.S. 820, 829, 832, 835 (1976); <u>Spence v. Straw</u>, 54 F.3d 196, 202-203 (3rd Cir. 1995).  To hold otherwise would permit " a litigant to avoid that remedial scheme by simply asserting an independent constitutional claim premised upon the same facts."  <u>Spence</u>, 54 F.3d at 203.  Plaintiff appears to concede this in her response brief.  Thus, to the extent that Plaintiff asserts any claims outside of Title VII and the Rehabilitation Act, they are dismissed.

<u>Failure to Exhaust Administrative Remedies</u>

Plaintiff must fully exhaust her administrative remedies before filing a civil action under Title VII and the Rehabilitation Act.  <u>Brown</u>, 425 U.S. at 832; <u>Spence</u>, 54 F.3d 202-203; <u>Khader v. Aspin</u>, 1 F.3d 968, 971 (10th Cir. 1993).  Exhaustion is a jurisdictional prerequisite.  <u>Khader</u>, 1 F.3d at 970.

EEOC regulations require that an aggrieved employee contact any agency EEO counselor within 45 days of the alleged discriminatory incident.  29 C.F.R. §1614.105(a)(1).  The charges listed in sections (a) through (f) of paragraph 5 of Plaintiff's Complaint were raised in a letter by Plaintiff's counsel to the PHS dated April 17, 1995.  Exhibit E.

Plaintiff's initial contact with an EEO counsel was on February 20, 1996. Exhibit F. Plaintiff did not timely meet the 45 day requirement set forth in 29 C.F.R. §1614.105(a)(1).

On September 6, 1996 Defendants dismissed Plaintiff's claims which are stated in paragraph 5 (a) through (g) of Plaintiff's Complaint.[1] In the dismissal Defendant advised the Plaintiff of her right to appeal within 30 days or file suit within 90 days. Plaintiff acknowledged receipt of the dismissal decision. Exhibit I. Plaintiff did not appeal within 30 days or file suit within 90 days.[2]

Plaintiff did not dispute this in her response nor did Plaintiff respond to Defendants' argument. Thus, any discrimination asserted by Plaintiff based on act listed in sections (a) through (g) of paragraph 5 will be dismissed. Further, plaintiff concedes she did not exhaust the administrative process with regard to her sex discrimination claim. Thus, all claims of sexual discrimination shall be

---

[1] Defendants' acceptance of Plaintiff's untimely claims and investigation of her complaint, in this case, does not waive Defendants' timeliness defense. Oaxaca v. Roscoe, 641 F.2d 386, 390 (5th Cir. 1981).

[2] Plaintiff did not argue nor does the Court find any grounds for waiver, estoppel or equitable tolling of the filing requirements. Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996).

dismissed.

Finally, Plaintiff did not timely exhaust her administrative remedies with respect to EEO Complaint IHS-003-097 which relates to her 1995 performance appraisal. This complaint was filed with the Defendant on October 9, 1996, well beyond the requisite 15-day period after Plaintiff received the counselor's report and notification of her rights on May 27, 1996. See 20 C.F.R. §1614.106(b) and Exhibit J. Again, Plaintiff did not respond to this argument and thus any claims raised in EEO complaint IHS-003-097 shall be dismissed.

Personnel actions

Title VII prohibits federal agencies from engaging in discrimination in connection with "personnel actions." 42 U.S.C. §2000e-16(a). The EEOC regulations direct that agencies "shall" dismiss complaints, or portions thereof, which "fail to state a claim" or that are "moot or allege that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory." 29 C.F.R. §1614.107(a),(e). Defendants argues that many of the actions in Plaintiff's Complaint do not rise to the level of "personnel actions" and are moot. Plaintiff states that three actions rise to the level of personnel actions and are not moot. However,

Plaintiff cites to no authority or facts to support this mere assertion.

"Not everything that makes an employee unhappy is an actionable adverse action." Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359 (8th Cir. 1997). There is a circuit split on this issue. Some circuits have held that only "ultimate employment decisions" are actionable personnel actions. Dollis v. Rubin, 77 F.3d 777, 781-82(5th Cir. 1995); Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981), cert. denied 454 U.S. 892 (1961); Ledergerber v. Stangler, 122 F.3 1142, 1144(8th Cir. 1997). Other circuits, including the Tenth Circuit have held that discrimination extends to adverse actions which fall short of ultimate employment decisions. Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir. 1996). However, Berry, *supra*, and others did not involve government employees and construed 42 U.S.C. §2000e-3(a), not 42 U.S.C. §2000e-16 which applies to government employees. Deavenport v. MCI Telecommunications Corp. 973 F. Supp. 1221 (D. Colo. 1997); Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453 (11th Cir. 1998). However, even under the more liberal interpretation the actions below do not rise to a level of an adverse personnel action. Plaintiff suffered no consequences and her claims are moot.

9

See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

10

The assignment of additional duties.

It appears that the additional duties complained of were "relief house nursing supervisor" duties. Exhibits A and C. It is undisputed that these duties were never performed and that Plaintiff's current supervisor has "done away with" these duties. Moreover, Plaintiff has not alleged that any adverse personnel action was taken against her because she did not perform the additional duties. This action clearly does not rise to the level of an adverse employment action. See Cole v. Ruidoso Mun. Schools, 43 F.3d 1373 (10th Cir. 1994); see Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (7th Cir. 1994)(reassignment to a different position without any reduction in title, salary, or benefits was not adverse employment action although new position involved different duties and was more stressful). Further, these facts render Plaintiff's action moot. Cox v. Phelps Dodge Corporation, 43 F.3d 1345 (10th Cir. 1994); Beattie v. United States, 949 F.2d 1092, 1094 n.2 (10th Cir. 1991).

Survey of Plaintiff's department.

Plaintiff alleges discrimination in connection with "the

11

assigning of a survey concerning [her] and her department. Complaint ¶5(I). In an affidavit Plaintiff complained that nurses under her supervision were surveyed twice by the medical staff, whereas nursing units under the Director of Nursing were not. It is undisputed and Plaintiff admits that "nothing has happened as a result of the surveys." Exhibit A. Thus, as discussed above, this action is not an adverse personnel action, is clearly moot and shall be dismissed.      <u>Retaliation</u>

EEOC regulations proscribe retaliation against employees for their opposition to practices made unlawful under Title VII, the Age Discrimination in Employment Act, the Equal Pay Act, or the Rehabilitation Act, or their participation in any administrative or judicial proceedings under those statues. See 20 C.F.R.1614.101(b). Thus, there must be allegations of unlawful discrimination in her grievances to state a cause of action. <u>See</u> <u>Learned v. City of Bellevue</u>, 860 F.2d 928, 931-33 (9th Cir. 1988), <u>cert. denied</u> 489 U.S. 1079 (1989). The grievance filed by Plaintiff made general allegations of discrimination but did not assert that the alleged disparate

12

treatment was based on her race, national origin, or other classification covered by the federal EEO law. Exhibit E.

Further, complaints of an individual's racism are not protected activity for purposes of retaliation.  E.g., Booker v. Brown Williams Tobacco., Inc., 879 F.2d 1304, 1313 (6th Cir. 1989); EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983.

Further, to establish a *prima facie* case of retaliation under Title VII or the Rehabilitation Act Plaintiff must show: (1) that she engaged in protected opposition to prohibited discrimination; (2) she suffered an adverse action by her employer that was either contemporaneous with or subsequent not her protected activity; and (3) a causal connection between her protected activity and the employers action.  Purrington v. University of Utah, 996 F.2d 1025, 1033 (10th Cir. 1993). Plaintiff cannot meet the first criteria since her claim for retaliation is not based on prior activity protected by Title VII or the Rehabilitation Act.

*Prima Facie* Case

Plaintiff's remaining claims are her claims of alleged

13

discrimination on the basis of her race in connection with her 1995 performance appraisal.  Defendants argue that Plaintiff's claims must be dismissed on the grounds of failure to state a claim, are moot and fail to state a claim because Plaintiff

cannot establish a *prima facie* case of discrimination. In response Plaintiff merely restates her allegations. Plaintiff fails to cite to any legal authority in support of her case. Plaintiff fails to set forth any set of facts which would support an inference of discrimination. Thus, Plaintiff's remaining claims of discrimination in connection with her 1995 performance appraisal must be dismissed.

Pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) Plaintiff must establish the elements of a *prima facie* case. If the Plaintiff establishes a *prima facie* case the burden shifts to the Defendants to articulate a legitimate, non-discriminatory reason for its actions. If such a reason is demonstrated Plaintiff must established that each of the Defendants reasons is actually a pretext for prohibited discrimination or reprisal. Id.; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). To establish a *prima*

14

*facie* case Plaintiff must show (1) she is a member of a group protected by the law; (2) she is similarly situated to at least one individual who is not a member of her protected group; and (3) she was improperly singled out for adverse treatment, and similarly situated individuals outside the protected class were treated dissimilarly under comparable circumstances. See

McDonnell Douglas, 411 U.S. at 802; Ray v. Safeway Stores, Inc, 614 F.2d 729, 730-31 (10th Cir. 1980). Plaintiff responds and says she cannot meet this burden because her position was "unique". Again, this is a mere conclusory statement. Plaintiff has again presented no facts or evidence to support her allegation. It is important to note that Plaintiff appears to rely on the fact that she has filed a verified complaint and the allegations in her Complaint establish a *prima facie* case. A verified pleading may be treated as an affidavit. Jaxon v. Circle K Corp., 773 F.2d 1138, 1139, n.1 (10th Cir. 1985). However, Plaintiff's Complaint does not "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational tier of fact could find for the Plaintiff. Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 248. Further, Defendants have stated a legitimate nondiscriminatory reason for the action in question. Exhibit K.

Plaintiff has not shown by legal authority or admissible evidence that Plaintiff's case should proceed to trial. Bald assertions in a brief that there are genuine issues of material fact are insufficient. Fed.R.Civ.P. 56(e).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment is granted and

that Plaintiff's Complaint for Deprivation of Civil Rights and

for Discrimination is dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE